**Miczi Anabelly VILLANUEVA CORDOVA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

Nos. 03–72114, A70–962–758.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 13, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Vicenta E. Montoya, Las Vegas, NV, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Stacy S. Paddack, Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

## MEMORANDUM**

Miczi Anabelly Villanueva Cordova, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' denial of her application for asy-lum and withholding of removal. We deny her petition.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc). And either must be on account of a protected ground. *Id.* The withholding standard is more stringent. *See Ghaly*, 58 F.3d at 1428–29.

Since the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final adjudication on the merits. *See Ding v. Ashcroft*, 387 F.3d 1131, 1136 (9th Cir.2004). The IJ did not make an explicit adverse credibility finding, so we must accept Villanueva Cordova's testimony as true. *Kataria v. INS*, 232 F.3d 1107, 1113–14 (9th Cir.2000).

Villanueva Cordova's claim of persecution on the basis of her social group or political opinion fails because the IJ's finding that she failed to establish an entitle-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment to political asylum is supported by substantial evidence.[1] Even if a reasonable factfinder could find that the evidence collectively demonstrates that she suffered past persecution or has a well-founded fear of persecution based on a single incident of detention where she was unharmed, the evidence does not compel that conclusion. *Elias–Zacarias*, 502 U.S. at 481 n. 1, 112 S.Ct. at 815 n. 1; *Khup v. Ashcroft*, 376 F.3d 898, 903–04 (9th Cir.2004). Indeed, that she neither suffered past persecution nor has a well-founded fear of future persecution is emphasized by the fact that she remained in Guatemala for six years after the sole incidence of detention without any contact by the soldiers.[2]

Because Villanueva Cordova did not meet the eligibility requirements for asylum, she was also not entitled to withholding of removal under 8 U.S.C. § 1231(b)(3). *See Ghaly*, 58 F.3d at 1429.

PETITION DENIED.

---

1. Failure to reference a claim of persecution on account of one of the five enumerated grounds in 8 U.S.C. § 1101(a)(42)(A) leaves this court without jurisdiction to consider whether the individual was persecuted on that specific enumerated basis. *See Ladha v. INS*, 215 F.3d 889, 901 n. 13 (9th Cir.2000). This court is therefore deprived of jurisdiction to consider Villanueva Cordova's allusion to persecution on the basis of religion or ethnicity in her opening brief.

2. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (fear undermined by applicant's two-year stay in country after incidents of harm); *see also Lim v. INS*, 224 F.3d 929, 935 (9th Cir.2000) (post-threat harmless period in country relevant to the analysis but not dispositive).

